**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNNY E. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00063 RHH |
| | ) | |
| ST. LOUIS CITY JUSTICE CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

Self-represented plaintiff Johnny E. Phillips, an inmate currently incarcerated at the St. Louis City Justice Center, filed this civil rights action on January 13, 2025; however, plaintiff neither paid the $405 Court filing fee nor filed a motion to proceed without prepayment of fees or costs. Plaintiff must do one or the other for this case to proceed. *See* E.D. Mo. L.R. 2.01(B)(1). If plaintiff files a motion seeking leave to commence this action without prepaying fees or costs, he must also file a certified copy of his prison account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a)(2).  Plaintiff's failure to timely pay the filing fee or file a motion seeking leave to commence this action without payment of fees or costs may result in the dismissal of this case, without prejudice and without further notice.

After review of the complaint, the Court will also order plaintiff to amend his pleading on a Court-provided form. *See* E.D. Mo. Local Rule 2.06(A). As written, plaintiff's allegations are conclusory and fail to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915. For example, plaintiff filed his civil rights action against the St. Louis City Justice Center and Correctional Officer Unknown Grey at the Justice Center, as well as "Head Chief Tammy Ross" and the Federal Bureau of Prisons. Plaintiff alleges in a conclusory manner that he believes that

Officer Grey allowed another inmate inside his cell on two occasions, and he was sexually assaulted as a result. He asserts that the head of the Justice Center, Tammy Ross, failed to properly investigate the incident. Plaintiff sues both individual defendants in their official capacities only.

Although plaintiff's allegations are serious, he is unable to sustain a claim against the St. Louis City Justice Center as county jails are not legal entities amenable to suit. *See Owens v. Scott Cty. Jail,* 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities). Additionally, the Supreme Court has held that federal agencies, such as the Federal Bureau of Prisons, cannot be sued for damages arising from an agency's alleged violation of a plaintiff's constitutional rights. *F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994).

Furthermore, because he has sued the individual defendants in their official capacities, but he has failed to properly allege an unlawful custom or policy at the Justice Center that caused his injuries, his claims are subject to dismissal. *See Ulrich v. Pope Cty.,* 715 F.3d 1054, 1061 (8th Cir. 2013) (affirming district court's dismissal of *Monell* claim where plaintiff "alleged no facts in his complaint that would demonstrate the existence of a policy or custom" that caused the alleged deprivation of plaintiff's rights). Nonetheless, due to the gravity of plaintiff's allegations, the Court will allow plaintiff to amend his pleading.

Plaintiff is warned that the filing of an amended complaint replaces the original complaint and all previously-filed pleadings, so plaintiff must include each and every one of the claims he wishes to pursue in the amended complaint. *See, e.g., In re Wireless Telephone Federal Cost*

*Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, supplements, and/or pleadings that are not included in the amended complaint will be deemed abandoned and will not be considered. *Id*. The allegations in the complaint may not be conclusory. Instead, plaintiff must plead facts that show how each and every defendant he names is personally involved in or directly responsible for the alleged harm. If plaintiff wishes to sue a defendant in his or her individual capacity, plaintiff must specifically say so in the amended complaint. If plaintiff fails to sue a defendant in his or her individual capacity, this action may be subject to dismissal as to that defendant.

All of plaintiff's claims should be clearly set forth in the "Statement of Claim." If plaintiff fails to file an amended complaint on the Court form within twenty-one (21) days and in compliance with the Court's instructions, the Court will dismiss this action without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint form and a copy of the Motion to Proceed in Forma Pauperis – Prisoner Cases form.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall file an amended complaint on the Court's Prisoner Civil Rights Complaint form in compliance with the Court's instructions.

**IT IS FURTHER ORDERED** that, within **twenty-one (21) days** of the date of this Order, plaintiff shall either pay the $405 filing fee or submit a motion to proceed in forma pauperis on the Prisoner Cases Court-provided form. If plaintiff files a motion to proceed in forma pauperis, he

shall also submit a certified copy of his inmate account statement for the six-month period immediately preceding the filing of the complaint.

**Plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.**

Dated this 28th day of January, 2025.

_____
RODNEY H. HOLMES
UNITED STATES MAGISTRATE JUDGE