UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOHNNY E. PHILLIPS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:25-CV-00063 RHH |
| ) | |
| SAINT LOUIS CITY JUSTICE CENTER, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |

**OPINION, MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter is before the Court on the motion of self-represented plaintiff Johnny E. Phillips, an inmate at the Big Sandy United States Penitentiary in Inez, Kentucky, for leave to commence this civil action without prepayment of the required filing fee. [ECF No. 4]. Having reviewed the motion and the financial information submitted in support, the Court has determined plaintiff lacks sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Additionally, for the reasons discussed below, the Court will order plaintiff to show cause why this action should not be dismissed for failure to fully exhaust his administrative remedies.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a prison account statement.[1] As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief may be granted. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679. The court must assume the veracity of well-pleaded

---

[1] Plaintiff has submitted a document titled "Mail Balance Transactions" from the St. Louis City Justice Center that shows only payment of certain transactions. It fails to show deposits to his prison account. [ECF No. 8].

facts but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

### The Complaint

On January 13, 2025, plaintiff filed the instant action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights while incarcerated at the St. Louis City Justice Center. Plaintiff also filed an amended complaint, as well as four supplements to his amended complaint. *See* ECF Nos. 6-7, 9, 12 and 15. Plaintiff names as defendants: the St. Louis City Justice Center[2] and Unknown Grey (Correctional Officer) and Tammy Ross (Chief of the Jail). He names Grey and Ross in both their individual and official capacities.

---

[2] Plaintiff's claims against the St. Louis City Justice Center are subject to dismissal. The City Justice Center is a county jail, and "county jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.*, 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail*, 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

3

Plaintiff, who may suffer from a mental illness,[3] alleges that three Correctional Officers at St. Louis City Justice Center, Officers Barnes, McGee and Grey, assisted inmates into entering his locked cell in the middle of the night and sexually assaulting him without his knowledge.[4] He claims that he would wake up each morning and suspect the assaults after "feeling like [he] had been drugged." Plaintiff seeks monetary damages for relief in this action.

In the section of the form complaint titled, "Exhaustion of Administrative Remedies/Administrative Procedures," plaintiff indicates that although he filed a grievance relating to the matters in the complaint while he was incarcerated at the St. Louis City Justice Center, his grievance was filed in January of 2025 (the same time period that he filed his complaint in this Court), and he heard nothing back relating to his grievance. Thus, it appears that plaintiff has failed to fully exhaust his administrative remedies with respect to his claims prior to bringing his action to this Court.

## Discussion

Under the Prison Litigation Reform Act, "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Moreover, pursuant to *Booth v. Churner*, 532 U.S. 731, 733-40 (2001), exhaustion is required where prison administrative remedies are available, even if the available administrative remedies do not provide the precise, or full, relief sought. *Lyon v. Krol*,

---

[3] Plaintiff alleges in the complaint that he saw a psychiatrist at the St. Louis City Justice Center relative to the events in the complaint and she told him "nothing happened . . .it's all you." He identifies this individual as Dr. Sadiqqui.

[4] Plaintiff claims that he suspects that he was assaulted on twelve (12) separate occasions: August 1, 2024, November 14, 2024, December 24, 2024, January 23, 2025, January 29, 2025, January 31, 2025, February 4, 2025, February 6, 2025, February 16, 2025, February 23, 2025, March 5, 2025, and March 6, 2025.

4

305 F.3d 806, 808 (8th Cir. 2002). Prisoners are required to fully exhaust their prison remedies prior to filing a complaint in Federal Court. *Woodford v. Ngo*, 548 U.S. 81, 90 (2006) (explaining proper exhaustion of remedies "means using all steps that the [prison] holds out, and doing so properly (so that the agency addresses the issue on the merits)") (citation omitted); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003) ("if exhaustion was not completed at the time of filing, dismissal is mandatory").

Plaintiff indicates in his complaint that he filed a grievance regarding the concerns in his complaint at approximately the same time as he filed his complaint in this Court, in January of 2025. However, because the issues in his complaint concern allegations relating to matters arising between November of 2024 and March of 2025, it is unlikely that plaintiff pursued the matter through the grievance stage and grievance appeal stage at St. Louis City Justice Center. *See Irving v. Ventura*, 2020 WL 5491689 (W.D. Mo. Sept. 2, 2020) (dismissing for failure to exhaust when plaintiff indicated on the face of the complaint that he filed a grievance only a couple of weeks before filing his lawsuit and had not yet received a formal answer to his grievance).

Because plaintiff is a prisoner and proceeding as a self-represented litigant, the Court will give him an opportunity show cause why this action should not be dismissed, without prejudice to refiling at a later date, for failure to exhaust *all of his prison grievances prior to filing this action*. In so doing, plaintiff should set forth the dates he filed his IRR(s), grievance(s) and appeal(s), if any, as well as the dates he received institutional response(s) from persons at the St. Louis City Justice Center. Plaintiff should also attach copies of his IRRs, grievance, grievance appeal, and any written responses. If he cannot obtain copies from the institution, plaintiff must explain what attempts he has made to request these documents. If plaintiff fails to comply, the Court will dismiss this action without prejudice and without further notice.

**Motions for Appointment of Counsel**

Plaintiff has filed three motions for appointment of counsel. [ECF Nos. 5, 11 and 14]. The motions will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. If necessary, the Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 4] is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison

registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that plaintiff shall show cause **within twenty-one (21) days from the date of this Memorandum and Order** why this action should not be dismissed for failure to fully exhaust his prison remedies prior to filing this action. Plaintiff must include in his show cause response the dates his IRRs, grievances and grievance appeals were denied, and attach copies of such documents.

**IT IS FURTHER ORDERED** that plaintiff's motions for appointment of counsel [ECF Nos. 5, 11 and 14] are **DENIED at this time.**

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 26th day of June, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE