UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| JOHNNY E. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00063 RHH |
| | ) | |
| ST. LOUIS CITY JUSTICE CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented plaintiff Johnny Phillips, an inmate currently incarcerated at the United States Penitentiary in Beaumont, Texas (USP Beaumont), filed this civil rights action brought pursuant to 42 U.S.C. § 1983 on January 13, 2025. After review of the amended complaint, as well as all supplemental filings, plaintiff will be required to file a second amended complaint on a Court-provided form within twenty-one (21) days of this Order. *See* E.D. Mo. Local Rule 2.06(A). No amendments through supplementation or interlineation to the second amended complaint will be accepted. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion). Plaintiff's failure to follow the instructions set forth in this Memorandum and Order will result in a dismissal of this action, without prejudice. Plaintiff's "Motion to Show Cause," which the Court interprets as a response to the June 26, 2025 Order of this Court, will be denied. *See* ECF No. 17.

**Plaintiff's Amended Complaint and Supplemental Filings**

Plaintiff Johnny Phillips, an inmate currently incarcerated at USP Beaumont, filed this action pursuant to 42 U.S.C. § 1983, alleging violations of his civil rights while incarcerated at the

St. Louis City Justice Center. Plaintiff filed an amended complaint, as well as four supplements to his amended complaint. *See* ECF Nos. 6-7, 9, 12 and 15. Plaintiff names as defendants in his amended complaint: the St. Louis City Justice Center,[1] Unknown Grey (Correctional Officer) and Tammy Ross (Chief of the Jail). He names Grey and Ross in both their individual and official capacities.

Plaintiff, who admits in his filings that he may suffer from a mental illness, alleges that Correctional Officer Grey at St. Louis City Justice Center, assisted inmates into entering his locked cell in the middle of the night, who then sexually assaulted him without his knowledge. He claims that he would wake up each morning and suspect the assaults after "feeling like [he] had been drugged." Plaintiff claims that he suspects that he was assaulted on twelve (12) separate occasions: August 1, 2024, November 14, 2024, December 24, 2024, January 23, 2025, January 29, 2025, January 31, 2025, February 4, 2025, February 6, 2025, February 16, 2025, February 23, 2025, March 5, 2025, and March 6, 2025. *See* ECF Nos. 6-7, 9, 12 and 15.

As currently written, several of plaintiff's claims fail to state a claim. *See* 28 U.S.C. § 1915. First, as plaintiff was told in the Court's prior Orders, *see* ECF Nos. 2 and 16, a subdivision of local government (such as the Justice Center) is not a suable entity under 42 U.S.C. § 1983.

Second, plaintiff has admitted that he saw a psychiatrist while he was at the City Justice Center relative to the events in the amended complaint. The psychiatrist, Dr. Saddiqui, allegedly

---

[1]Plaintiff's claims against the St. Louis City Justice Center are subject to dismissal. The City Justice Center is a county jail, and "county jails are not legal entities amenable to suit." *Owens v. Scott Cty. Jail*, 328 F.3d 1026, 1027 (8th Cir. 2003). *See also Ketchum v. City of West Memphis, Ark.,* 974 F.2d 81, 82 (8th Cir. 1992) (stating that "departments or subdivisions" of local government are not "juridical entities suable as such"); and *De La Garza v. Kandiyohi Cty. Jail,* 18 Fed. Appx. 436, 437 (8th Cir. 2001) (affirming district court dismissal of county jail and sheriff's department as parties because they are not suable entities).

2

told him "nothing happened . . .it's all you." See ECF No. 7 at 4. As currently plead, plaintiff's claims do not state a plausible claim for relief and appear factually frivolous.

An action is factually frivolous if "it lacks an arguable basis in either law or in fact" *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) and is "clearly baseless." Alleged facts are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Plaintiff's claims, when taken as a whole, appear hard to believe. He asserts that he was drugged by a guard at the Justice Center, was sexually assaulted in a locked jail cell, at night, on twelve separate occasions in a roughly eight-month period, all without another correctional officer finding out about the assaults. Additionally, although he asserts that he reported the assaults and was taken to the hospital and to medical for review, as well as to see a psychiatrist, there was no finding by medical or by Justice Center administrators that he had been assaulted. Despite the Court's belief that plaintiff's claims appear frivolous, the Court will allow plaintiff a chance to amend his claims so that he can attempt to make his claims more cogent. He must include all claims in one centralized document.

Last, the Court notes that plaintiff has failed to state a municipal liability claim in this case.[2] Thus, his official capacity claims against defendants are subject to dismissal. Absent a constitutional violation by a St. Louis City employee, there can be no § 1983 or *Monell* liability for the City of St. Louis. *See Whitney v. City of St. Louis, Missouri*, 887 F.3d 857, 861 (8th Cir. 2018); *see also Malone v. Hinman*, 847 F.3d 949, 955-56 (8th Cir. 2017) (finding no § 1983 or *Monell* liability on the part of the city where no constitutional violation by the police officer

---

[2]Plaintiff has also failed to make any allegations against defendant Tammy Ross, Chief of the Jail, in this case. "To establish personal liability of [] supervisory defendants, [a plaintiff] must allege specific facts of personal involvement in, or direct responsibility for, a deprivation of his [or her] constitutional rights." *Mayorga v. Missouri*, 442 F.3d 1128, 1132 (8th Cir. 2006). Respondeat superior liability is not available in a § 1983 action. Plaintiff has failed to allege any involvement or knowledge of the incidents by Ross.

3

employee); *Sanders v. City of Minneapolis, Minn.*, 474 F.3d 523, 527 (8th Cir. 2007) (finding that without a constitutional violation by the individual officers, there could be no § 1983 or *Monell* municipal liability).

In consideration of plaintiff's self-represented status and the serious allegations he is presenting, the Court will permit him the opportunity to file an amended complaint.

### Instructions for Filing a Second Amended Complaint

Because plaintiff is representing himself, the Court will allow plaintiff to amend his pleading on a Court-provided form. *See* Local Rule 2.06(A). Plaintiff is required to either type or print on the Court-form when filing his second amended complaint.

The filing of a second amended complaint completely replaces the original complaint, so plaintiff must include in the second amended complaint every claim he wishes to pursue. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint that are not included in the second amended complaint will be deemed abandoned. *Id.*

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). In structuring his second amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

If plaintiff is suing a defendant in his or her individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.,* 849 F.3d 400, 404 (8th Cir. 2017).

If plaintiff is suing multiple defendants, it is important he establish the responsibility of each separate defendant for harming him. That is, for each defendant, plaintiff must allege facts showing how that particular defendant's acts or omissions violated his constitutional rights. It is not enough for plaintiff to make general allegations against all the defendants as a group. Rather, plaintiff needs to provide the role of each named defendant in this case, so he or she can receive notice of what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). As noted above, the Court will not accept amendments to the second amended complaint by interlineation or supplementation. Any attempts to amend the second amended complaint by interlineation or supplementation will be stricken.

After receiving the second amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a defendant will result in the dismissal of that defendant. If plaintiff fails to file a second amended complaint that complies with this Court's instructions within twenty-one (21) days, this action will be dismissed without prejudice and without further notice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's "Motion to Show Cause," which this Court interprets as a response to this Court's June 26, 2025 Order [ECF No. 17] is **DENIED**.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's Prisoner Civil Rights Complaint.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Order, Plaintiff shall file a second amended complaint on the Court's Prisoner Civil Rights Complaint form in compliance with the Court's instructions. Plaintiff shall type or print on the Court-form when filing his second amended complaint. No amendments to the second amended complaint by interlineation or supplementation will be accepted.

**IT IS FINALLY ORDERED** that plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

Dated this 31st day of July, 2025.

_____
HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE