**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHNNY E. PHILLIPS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:25-CV-00063 RHH |
| | ) | |
| ST. LOUIS CITY JUSTICE CENTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented Plaintiff Johnny Phillips, an inmate currently incarcerated at the Federal Correctional Institute Allenwood in White Deer, Pennsylvania (FCI Allenwood), filed this civil rights action pursuant to 42 U.S.C. § 1983 on January 13, 2025. After reviewing the second amended complaint, as well as all supplemental filings, Plaintiff will be required to file a third amended complaint on a Court-provided form within twenty-one (21) days of this Order. *See* E.D. Mo. Local Rule 2.06(A). No amendments through supplementation or interlineation to the third amended complaint will be accepted. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amendment was not submitted with the motion). Plaintiff's failure to follow the instructions set forth in this Memorandum and Order will result in a dismissal of this action, without prejudice. Plaintiff's motions for appointment of counsel and his motion to serve summons, ECF Nos. 22, 24 and 26, will be denied.

**Background**

Plaintiff, an inmate currently incarcerated at FCI Allenwood, filed this action on January 13, 2025, complaining of purported civil rights violations that occurred during his incarceration

at St. Louis City Justice Center in St. Louis, Missouri. [ECF No. 1]. The Court granted Plaintiff leave to proceed in forma pauperis in this matter on January 28, 2025, and ordered Plaintiff to amend his pleading on a Court-form. [ECF No. 2]. Although Plaintiff amended his complaint on February 24, 2025, the Court, on June 25, 2025, ordered Plaintiff to show cause why this matter should not be dismissed due to Plaintiff's failure to exhaust his administrative remedies. [ECF No. 16]. Plaintiff responded to the Order to Show Cause on July 21, 2025, asserting that he had asked for and been denied grievance forms by Correctional Officers at the Justice Center. [ECF No. 17]. As such, the Court allowed Plaintiff to move forward with this action.

On July 31, 2025, the Court ordered Plaintiff to file his second amended complaint on a Court-provided form due to several problems with his amended pleading. [ECF No. 19]. Plaintiff had submitted several supplements to his amended complaint, as well as several amendments by interlineation, and the Court found numerous instances where his allegations failed to state a claim upon which relief could not be granted. *See id*. Namely, Plaintiff admitted in his filings that he suffered from a mental illness and that he had been seeing a psychiatrist while he was being detained at the St. Louis City Justice Center. However, in his original complaint he suggested that he might have been sexually assaulted overnight, in a locked cell, on two separate occasions. Yet, in his amended complaint, Plaintiff claimed that he could have been sexually assaulted while he was in his locked cell by unknown assailants on 12 separate occasions. Despite admitting that he was unsure of who purportedly assaulted him, for each assault, Plaintiff stated in a conclusory manner that he blamed Correctional Officer Grey because she was working the overnight shift at the Justice Center. Plaintiff also named as a Defendant the Jail (Justice Center), as well as the Head of the Justice Center, Tammy Ross, despite Ross not being causally connected to the purported assaults. *See id.*

Plaintiff was told how to properly amend his pleading on July 31, 2025, and he was given 21 days to do so. *Id*. On September 2, 2025, Plaintiff filed a second amended complaint in this action. [ECF No. 21]. As Plaintiff is a prisoner and is proceeding as a pauper, the Court must review his pleading pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and failure to state a claim.

**The Second Amended Complaint**

Self-represented Plaintiff Johnny Phillips filed his second amended complaint on September 2, 2025, against Defendants St. Louis City Justice Center, Unknown Grey Correctional Officer, Unknown Tripp Correctional Officer, Unknown McGee Correctional Officer and Tammy Ross, Head of the Justice Center alleging violations of his civil rights pursuant to 42 U.S.C. § 1983. [ECF No. 21]. Plaintiff sues Defendants in both their individual and official capacities.

Because Plaintiff's claims are somewhat difficult to discern, the Court will quote his allegations in their entirety from the second amended complaint:

> In the month of August of 2024 why I was a sleep in my cell at around 3 am some one came into my cell and assaulted me. At the Saint Louis Justice center Jail. I was druged and had very bad pain as I came to all over my body. I looked out of my cell door and I seen 2 inmates standing the in wing and other inmates was out in the hall outside the wing this was at 3 am and I seen c/o grey standing in 5B wing talk to the 2 inmates that was out of there cell. If c/o grey did not let the inmates into my cell to S.A. me she knows what c/o did. My 5th and 14th amitmant of due process was violated that morning of August 2024 because the only way anyone could have came into my cell I was in a one man cell. Again doing the month of November someone was let into my cell at around 3 am in the morning and I was assaulted why I was asleep and the c/o working that night was c/o GREY. Agan I was in 5B in a one man cell and the only way anyone could have come into my cell is if a staff worker let them in. I asked c/o Grey to let me talk to a captain and she asked why and I told her for personel reasons and she never let me talk to anyone she left her sift that morning. I did not get any help from no one until 9 am when c/o miss barnes came passing out laundry I told her that c/o Grey had let someone come into my cell and she called it in and I was tacken to S.L.U. hospitole by miss barnes and a white shirt female. Again my 5th and 14th

> admitment was violated. On October of 2024 why I was in 4B whole I seen the head at that time of the Jail Tammy Ross I wrote her a kite and I told her about the first time in August when I was S.A. I told her that her staff had let someone come into my cell at 3 am in the morning and S.A. me she asked me who was the staff and I told her who I seen standing in the wing that night it happened and she told me she would look into it and I never heard nothing else from her. If she would have done her job then c/o Grey would not have been able to let no one come into my cell in November of 2024. This violates my 5th and 14th admitment of due process. On the day I was taken to S.L.U hospital Nov. 14, 2024 after I got back to the Justice center Jail I was taken to the hold over were you first come into the Jail and was placed in to one of the holding cells for 3 days were I had to sleep on the floor the c/os would come and knock on the window and say you ok. I could not shower I had to sit on the floor and eat. This violated my 5th and 14th admitment of due process. On the 18th of Nov. 2024 I was taken to 4B the whole were I was kept for 3 month. C/o Mcgee and Hamilton was the c/os working doing the first shift in January while in 4B as I was a sleep someone was let into my cell against why Mcgee and hamilton was working and this continued until I told c/o Allen what was going on I told Tammy Ross about this out of my own mouth and I gave her a kite tell her who I think it was who was letting someone come into my cell but it continued after I told here. One day I was just let out of the whole never given a write up. I found out in April 2025 that c/o mcgee was fired no one never said anything to me about what he had done are who it was that was come into my cell in 4B c/o Mcgee violated my 5th and 14th admitment of due process. I was placed back in 5B in March were c/o Tripp and Grey was working c/o Tripp would come out the third shift and do walk around cell check after I would go to sleep again someone was let into my cell and S.A. me if it was not c/o Tripp who let someone come into my cell she knows who did. C/o Miss Tripp was telling the inmates in the wing I was a snitch and she was tacking my mail I was write to the courts and showing it to the inmates in the wing. C/o Miss Tripp violated my 5th and 14th amittment.

[ECF No. 21 at 3-6].

In all, in the second amended complaint, Plaintiff appears to assert that Correctional Officer Grey allowed inmates into his cell on two separate occasions - in August and November of 2024, at which time he was sexually assaulted by those unknown inmates. He claims that he reported the August 2024 assault to Tammy Ross in October of 2024, and Ross indicated that there would be an investigation into the incident. However, Plaintiff did not hear back from Ross.

After the November of 2024 alleged assault, Plaintiff purportedly asked Correctional Officer Grey if he could speak to a captain for personal reasons, but she failed to allow him to do so prior to her leaving that day. When Plaintiff told Miss Barnes, who was passing out laundry that day, about the assault, Plaintiff was taken to SLU Hospital in St. Louis on November 14, 2024, by Miss Barnes and a "white shirt." Plaintiff has failed to indicate in the second amended complaint why he was taken to the hospital or what occurred there.

When Plaintiff returned from the hospital it appears that he was placed on a mental health hold at the Justice Center, as he describes being placed in a one-man cell, with no bed, where he had to eat on the floor, and indicates that he was checked on frequently by correctional officers who would come by and knock and ask if he was "ok." Plaintiff was in that cell for approximately three days. After he was released from this cell on November 18, 2024, Plaintiff was placed into in 4B, where he indicates Correctional Officers McGee and Hamilton worked the first shift.

Plaintiff alleges that in January of 2025, someone was again let into his cell in 4B while McGee and Hamilton were working and he was sexually assaulted. He states that he told Tammy Ross about his suspicions in April of 2025. In March of 2025, Plaintiff was transferred to 5B in the Justice Center and Correctional Officers Tripp and Grey worked the third shift. He believes that after he fell asleep, Correctional Officer Tripp allowed someone in his cell to sexually assault him or knew who purportedly allowed someone into his cell. He also claims that Tripp allowed inmates to read undisclosed types of mail he was writing to the courts and called him a "snitch." Plaintiff, however, does not indicate what the "mail" said that was shared with the other inmates, i.e., if it was complaints about the other inmates or the correctional officers at the Justice Center. Additionally, Plaintiff fails to indicate if he received any retaliation from the

Correctional Officers or the other inmates at the Justice Center after his mail was read/he was called a "snitch."

In a supplement filed on April 20, 2026, *see* ECF No. 25, Plaintiff's claims substantially differ from those offered in the second amended complaint. They also differ from those offered in the original complaint and the amended complaint.

Plaintiff asserts that Defendant Grey must have let someone into his cell during the night of August 1, 2024, because he woke to pain in his bottom. [ECF No. 25 at 2]. He asserts in a conclusory manner that he believes that someone put something in his drink before the inmates "locked down," although he doesn't know who did it. *Id*. Plaintiff claims that went into the "whole" after that happened, and he then saw Tammy Ross, who told him to write it up on a kite, but after doing so, he never heard back from Ross. *Id.* at 2-3.

Plaintiff alleges that on November 14, 2024, "it happened again while C/O Grey was working. . . *Id.* at 3. He claims that he was awakened to the sound of the key, and as he set up, he felt pain in his bottom, as well as grease between his legs. *Id*. After that, he asked Officer Grey to speak to the captain, but when he told Grey it was for personal reasons, she did not return. *Id.*

In the evening, around 7:00 pm, Plaintiff allegedly told Ms. Barnes he had been sexually assaulted, who called someone on his behalf. He states that he was taken to medical and seen by a doctor and then an investigator. *Id*. After this, Plaintiff claims he was taken to SLU Hospital and the police were called. *Id.* Plaintiff asserts that Defendant Tripp and others knew what had happened to him and laughed about it. *Id.* He asserts that Captain Morgan and Ms. Barnes went to the hospital with him. *Id.*

In the supplemental filing Plaintiff asserts that when he got back to the Justice Center he was taken to inmate booking for four days and held there while being made to sleep on a mat on

the floor. *Id.* at 4. Defendant Ross came to see him and told him she was investigating the matter. *Id.* Plaintiff alleges that on November 18, 2024, he was taken to solitary confinement because he had told on Officer Grey and Officer Tripp. *Id.*

Plaintiff claims to have stayed in confinement for 90 days. *Id.* He asserts that Defendants McGee and Hamilton worked the confinement unit from 6 am to 3 pm. Plaintiff asserts that "after breakfast [he] would fall asleep and someone was being let into [his] cell to again sexually assault [him]." *Id*. at 4. He fails to state the dates this allegedly occurred or how often. He claims that this happened until he started telling other guards about the purported assaults. *Id.* Plaintiff asserts that, "even C/O Grey was coming down there working let inmates in the cell on [him]."

Plaintiff states that after he was let out of confinement and allowed back on the wing, Officer Tripp started to let people in his cell, as well. *Id.* Again, Plaintiff fails to mention the dates of the alleged occurrences, how often this occurred or factual instances relating to the purported occurrences. Plaintiff claims that other inmates told him that Defendants Grey and Tripp worked the late shift together and were upset that Officer McGee had been fired. As such, they told other inmates in the wing he was a snitch and would let other inmates in his cell while he was asleep. *Id.* at 5. Plaintiff provides no information in the supplemental pleading relating to his allegations relating to being called a "snitch."

Plaintiff seeks monetary damages in this action.

**Discussion**

Plaintiff, who admits in his filings that he may suffer from a mental illness, alleges a multitude of conclusory claims in this lawsuit. As currently written, most of Plaintiff's assertions fail to state a claim for relief. *See* 28 U.S.C. § 1915. First, as Plaintiff was told in the Court's prior Orders, *see* ECF Nos. 2, 16 and 19, a subdivision of local government (such as the Justice Center)

is not a suable entity under 42 U.S.C. § 1983. Thus, Plaintiff is unable to bring a claim against the Justice Center.[1]

Second, Plaintiff has admitted that he saw a psychiatrist while he was at the City Justice Center relative to the events in the second amended complaint. The psychiatrist, Dr. Saddiqui, allegedly told him "nothing happened . . .it's all you." *See* ECF No. 7 at 4. As currently pled, Plaintiff's claims do not state a plausible claim for relief and appear factually frivolous.[2]

An action is factually frivolous if "it lacks an arguable basis in either law or in fact" *Neitzke v. Williams*, 490 U.S. 319, 328 (1989) and is "clearly baseless." Alleged facts are clearly baseless if they are "fanciful," "delusional," or "fantastic." *Denton v. Hernandez*, 504 U.S. 25, 32–33 (1992). Plaintiff's claims, when taken as a whole, appear hard to believe. He asserts that he was drugged by several different guards at the Justice Center on several separate occasions. This allegedly occurred in locked jail cells, at night. Additionally, although he asserts that he reported the assaults and was taken to the hospital and to medical for review, as well as to see a psychiatrist, there was no finding by medical or by Justice Center administrators that he had been assaulted. Despite the Court's belief that Plaintiff's claims appear frivolous, the Court will allow Plaintiff a

---

[1] Additionally, the Court notes that Plaintiff has failed to state a municipal liability claim in this case. Thus, his official capacity claims against Defendants are subject to dismissal. Absent a constitutional violation by a St. Louis City employee, there can be no § 1983 or *Monell* liability for the City of St. Louis. *See Whitney v. City of St. Louis, Missouri*, 887 F.3d 857, 861 (8th Cir. 2018); *see also Malone v. Hinman,* 847 F.3d 949, 955-56 (8th Cir. 2017) (finding no § 1983 or *Monell* liability on the part of the city where no constitutional violation by the police officer employee); *Sanders v. City of Minneapolis, Minn*., 474 F.3d 523, 527 (8th Cir. 2007) (finding that without a constitutional violation by the individual officers, there could be no § 1983 or *Monell* municipal liability).

[2] Plaintiff's claims that he *could have been* sexually assaulted and that one of Defendants *might have been liable* simply do not state a plausible claim for relief. Simply put, these types of statements are simply too conclusory to state a claim for relief. *See Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016). *See also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (stating the court must accept factual allegations in the complaint as true but is not required to "accept as true any legal conclusion couched as a factual allegation").

chance to amend his claims so that he can attempt to make his claims more cogent. He must include all claims in one centralized document.

The Court points out that Plaintiff has been told repeatedly that he must include all his claims on one Court-provided complaint form in compliance with the Local Rules of this Court. *See* E.D. L. R. 2.06(A). Nonetheless, he has persisted in providing supplemental documents to the Court and amendments to his pleadings by interlineation. **This will be the last time Plaintiff will be allowed to amend his complaint. If Plaintiff persists in attempting to provide supplemental pleadings, the Court will strike those documents from the Court record.**

In consideration of Plaintiff's self-represented status and the serious allegations he is presenting, the Court will permit him the opportunity to file a third amended complaint.

**Instructions for Filing a Third Amended Complaint**

Because Plaintiff is representing himself, the Court will allow Plaintiff to amend his pleading on a Court-provided form. *See* Local Rule 2.06(A). Plaintiff is required to either type or print on the Court-form when filing his third amended complaint.

The filing of a third amended complaint completely replaces the original complaint, so Plaintiff must include in the third amended complaint every claim he wishes to pursue. *See, e.g., In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). Any claims from the original complaint, the amended complaint or the second amended complaint that are not included in the third amended complaint will be deemed abandoned. *Id.*

In the "Statement of Claim" section, Plaintiff should provide a short and plain statement of the factual allegations supporting his claim. Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). In structuring his third amended complaint, Plaintiff

should begin by writing the Defendant's name. In separate, numbered paragraphs under that name, Plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific Defendant. If Plaintiff is suing more than one Defendant, he should follow the same procedure for each Defendant.

If Plaintiff is suing a Defendant in his or her individual capacity, he is required to allege facts demonstrating the personal responsibility of the Defendant for harming him. *Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *Neubauer v. FedEx Corp.,* 849 F.3d 400, 404 (8th Cir. 2017).

If Plaintiff is suing multiple Defendants, it is important he establish the responsibility of each separate Defendant for harming him. That is, for each Defendant, Plaintiff must allege facts showing how that particular Defendant's acts or omissions violated his constitutional rights. It is not enough for Plaintiff to make general allegations against all the Defendants as a group. Rather, Plaintiff needs to provide the role of each named Defendant in this case, so he or she can receive notice of what he or she is accused of doing. *Topchian v. JPMorgan Chase Bank, N.A.,* 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim"). As noted above, the Court will not accept amendments to the third amended complaint by interlineation or supplementation. Any attempts to amend the third amended complaint by interlineation or supplementation will be stricken.

After receiving the third amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. Plaintiff's failure to make specific factual allegations against a Defendant will result in the

dismissal of that Defendant. If Plaintiff fails to file a third amended complaint that complies with this Court's instructions within twenty-one (21) days, this action will be dismissed without prejudice and without further notice.

**Motion for Appointment of Counsel**

Plaintiff moves for appointment of counsel in this matter. [ECF Nos. 22 and 26]. The motions will be denied at this time. In civil cases, a pro se litigant does not have a constitutional or statutory right to appointed counsel. *Ward v. Smith*, 721 F.3d 940, 942 (8th Cir. 2013). *See also Stevens v. Redwing*, 146 F.3d 538, 546 (8th Cir. 1998) (stating that "[a] pro se litigant has no statutory or constitutional right to have counsel appointed in a civil case"). Rather, a district court may appoint counsel in a civil case if the court is "convinced that an indigent plaintiff has stated a non-frivolous claim…and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the complexity of the case, the ability of the pro se litigant to investigate the facts, the existence of conflicting testimony, and the ability of the pro se litigant to present his or her claim. *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006).

After reviewing these factors, the Court finds that the appointment of counsel is not warranted at this time. Plaintiff has demonstrated, at this point, that he can adequately present his claims to the Court. Additionally, neither the factual nor the legal issues in this case appear to be complex. The Court will entertain future motions for appointment of counsel as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's motions for appointment of counsel [ECF Nos. 22 and 26] are **DENIED without prejudice at this time.**

**IT IS FURTHER ORDERED** that Plaintiff's motion to serve summons [ECF No. 24] is **DENIED without prejudice.**

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Order, Plaintiff shall file a third amended complaint on the Court's Prisoner Civil Rights Complaint form in compliance with the Court's instructions. Plaintiff shall type or print on the Court-form when filing his third amended complaint. **No amendments to the third amended complaint by interlineation or supplementation will be accepted.**

**IT IS FINALLY ORDERED** that plaintiff's failure to timely comply with this Order shall result in the dismissal of this action, without prejudice and without further notice.

**IT IS FURTHER ORDERED** that the Clerk shall provide Plaintiff with a Prisoner Civil Rights Complaint form.

Dated this 19th day of August, 2026.

HENRY EDWARD AUTREY
UNITED STATES DISTRICT JUDGE